The Interim Opinion below is hereby signed.   Dated:
May 25, 2005.


_S. Martin Teel Jr._ (signature)
S. Martin Teel, Jr.
United States Bankruptcy Judge


UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| GREATER SOUTHEAST COMMUNITY ) | Case No. 02-2250 |
| HOSPITAL CORP., *et al.*, ) | (Chapter 11) |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ——————————————————— ) | |
| ) | |
| SAM J. ALBERTS, TRUSTEE FOR ) | |
| THE DCHC LIQUIDATING TRUST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding |
| v. ) | No. 04-10315 |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

INTERIM OPINION REGARDING THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

The plaintiff Sam J. Alberts seeks to avoid certain payments
to the District of Columbia made by the debtor PACIN Healthcare-
Hadley Memorial Hospital Corporation ("Hadley") (one of the
debtors in the jointly administered bankruptcy cases in which
this adversary proceeding has been brought) and to recover the
avoided payments under § 550(a) of the Bankruptcy Code (11

U.S.C.).[1]  Alberts seeks to avoid the payment transfers as

preferences under 11 U.S.C. § 547, and alternatively as

unauthorized postpetition payments under 11 U.S.C. § 549 or

fraudulent conveyances under 11 U.S.C. §§ 544 and 548.  The

District has moved for summary judgment on the basis that the

payments were not avoidable as preferences.[2]  For the reasons

explained below, the District is entitled to summary judgment on

the preference claims, and the court will require Alberts to show

cause why summary judgment ought not be granted as to the other

counts of the complaint.

I

Rule 56(b) of the Federal Rules of Civil Procedure permits a

party defending against a claim to move, at any time, "with or

without supporting affidavits" for a summary judgment in the

party's favor.  Rule 56(c) of the Federal Rule of Civil Procedure

---

[1]  As trustee of the DCHC Liquidating Trust established by the confirmed plan in the jointly administered bankruptcy cases, Alberts has been vested with the authority to pursue claims or causes of action under sections 542 through 553 of the Bankruptcy Code.

[2]  The District apparently reads an exhibit attached to the complaint that lists the payments as "preference payments" as an acknowledgment that the alternative bases for avoidance are inapplicable.  Although the District's assumption that only preference claims really are at issue was not unreasonable--particularly in light of the documentation of the payments that Alberts later produced--the court does not construe the exhibit as an abandonment of the alternative theories of recovery. However, the District may nevertheless be entitled to summary judgment as to all claims for reasons later developed.

2

provides, in relevant part, that upon the filing of a motion for

summary judgment:

> The judgment sought shall be rendered forthwith if the
> pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if
> any, show that there is no genuine issue as to any
> material fact and that the moving party is entitled to
> judgment as a matter of law.

Rule 56(e) provides in relevant part that:

> When a motion for summary judgment is made and
> supported as provided in this rule, an adverse party
> may not rest upon the mere allegations or denials of
> the adverse party's pleading, but the adverse party's
> reasons, by affidavits or as otherwise provided in this
> rule, must set forth specific facts showing that there
> is a genuine issue for trial.

District Court Local Civil Rule 56.1 supplements Rule 56 by

providing in relevant part that:

> Each motion for summary judgment shall be accompanied
> by a statement of material facts as to which the moving
> party contends there is no genuine issue, which shall
> include references to the parts of the record relied on
> to support the statement.  An opposition to such a
> motion shall be accompanied by a separate concise
> statement of genuine issues setting forth all material
> facts as to which it is contended there exists a
> genuine issue necessary to be litigated, which shall
> include references to the parts of the record relied on
> to support the statement. . . .  **In determining a
> motion for summary judgment, the court may assume that
> facts identified by the moving party in its statement
> of material facts are admitted, unless such a fact is
> controverted in the statement of genuine issues filed
> in opposition to the motion.**

[Emphasis added.] Local Bankruptcy Rule 7056-1 makes Rule 56.1

(formerly Local Rule 108(h)) applicable to adversary proceedings.

The District's memorandum in support of its motion begins with a

3

series of Statements of Material Facts (numbered SMF 1 through

SMF 5).  The Statements of Material Facts, as required by Rule

56.1, cite to materials of record that support the Statement of

Material Facts: specifically, they point to certain allegations

of the complaint and to documents (attached as exhibits to the

District's motion papers) that Alberts had produced as the

documents he relied upon as showing that the subject payments had

been made.[3]

A.

Alberts' opposition does not dispute the District's

representation (which obviously he would have disputed if it were

false) that the exhibits to the District's motion are documents

he produced as supporting his position, thereby admitting that

these were documents he produced pursuant to the court's

direction.  The court may rely on that admission in deciding the

_____

   [3]  Paragraph 14 of the court's scheduling order had directed
Alberts to produce to the District all documents in his
possession that support his allegation that the subject payments
were made.

4

District's motion for summary judgment.[4]  Cf. F.R. Evid.

801(d)(2)(B).

The documents fully support the District's Statements of

Material Facts.  They consist of the canceled checks whereby the

payments were made, and business records of Hadley reflecting the

purpose of the payments.

B.

More importantly, Alberts failed to file a response to the

District's Statements of Material Facts.  Instead, Alberts filed

an affidavit under F.R. Civ. P. 56(f) asserting that he needs

discovery before he can present facts to justify his opposition.

Because the court rejects Alberts' Rule 56(f) affidavit for

reasons developed later, the court deems it appropriate to treat

the District's Statements of Material Facts as admitted pursuant

to Rule 56.1.[5]

---

[4]  The "admissions on file" mentioned in Rule 56(c) which
can be used for purposes of ruling on a summary judgment motion
include admissions made by counsel in the opposition to a motion
for summary judgment.  Woods v. City of Chicago, 234 F.3d 979,
986 (7th Cir. 2000), cert. denied, 534 U.S. 955 (2001); Cerqueira
v. Cerqueira, 828 F.2d 863, 865 (1st Cir. 1987); United States v.
One Heckler-Koch Rifle, 629 F.2d 1250, 1253 (7th Cir. 1980);
Verge v. U.S. Postal Service, 965 F. Supp. 112, 119 (D. Mass.
1996); McKinley v. Afram Lines (USA) Co., Ltd., 834 F. Supp. 510,
513 (D. Mass. 1993).

[5]  The District ought to have labeled its Statements of
Material Facts as a Statement of Material Facts not in Genuine
Dispute in order to precisely comply with Rule 56.1.  However,
Alberts has not contended that the District failed to file the
statement of material facts not in genuine dispute required by
Rule 56.1, and the Statements of Material Fact were obviously

5

C.

The District's Statements of Material Facts establishes the following facts.

As recited by Schedule A to the complaint, there are three payments made by Hadley to the District that Alberts seeks to avoid and recover:

(1) a check dated September 20, 2002, in the amount of $8,389.33 for "AUGUST 2002 TAX,"

(2) a check dated October 16, 2002, in the amount of $9,162.37 for "SEPT 2002 TAXES," and

(3) a check dated November 13, 2002, in the amount of $8,317.98 for "OCT TAX 2002."

The documents produced by Alberts pursuant to the court's scheduling order identify these payments as payments for District

---

intended to serve that purpose.

of Columbia employer withholding taxes.[6]   The documents include the fronts of the canceled checks, each showing it was drawn on the Hadley Payroll Taxes and Benefit Account.

However, the District's Statements of Material Fact do not include a statement that the payments were timely made.  Although the District's memorandum contends the payments were timely, the District has produced no evidence in that regard, nor stated in

---

[6]   Specifically:

(1) With respect to the check dated September 20, 2002, Alberts submitted a copy of Hadley's internally-generated check invoice showing that the check was for "AUGUST 2002 TAX;" a Check Request indicating that the check was needed for "DC withholding taxes August 2002;" and a Hadley Withholding Register – Summary showing $8,389.33 in withheld D.C. taxes for the month of August 2002.

(2) With respect to the check dated October 16, 2002, Alberts submitted a copy of Hadley's District of Columbia Office of Tax and Revenue Form FR-900M "2002 Employer Withholding Tax-Monthly Return" for the tax for the "PERIOD ENDING 09 30 02" and "DUE 10/20/02;" a copy of Hadley's internally-generated check invoice showing that the check was for "SEPT 2002 TAXES;" a Check Request indicating that the check was needed for "DC withholding taxes for September 2002;" and a Hadley Withholding Register – Summary showing $9,162.37 in withheld D.C. taxes for the month of September 2002.

(3)  With respect to the check dated November 13, 2002, Alberts submitted a copy of Hadley's District of Columbia Office of Tax and Revenue Form FR-900M "2002 Employer Withholding Tax-Monthly Return" for the tax for the "PERIOD ENDING 10 31 02" and "DUE 11/20/02;" a copy of Hadley's internally-generated check invoice showing that the check was for "OCT TAX 2002;" a Check Request indicating that the check was needed for "DC withholding taxes for (October) 2002;" and a Hadley Withholding Register – Summary showing $8,317.98 in withheld D.C. taxes for the month of October 2002.

its Statement of Material Facts that Alberts has been unable to adduce proof that the payments were not timely made.

On November 20, 2002, Hadley and the other joint debtors in the jointly administered bankruptcy cases filed voluntary petitions commencing the cases under Chapter 11 of the Bankruptcy Code.

### D.

The employer withholding taxes at issue were incurred under D.C. Code § 47-1812.08(b)(1) which requires that "[e]very employer making payment of wages . . . to any employee . . . shall deduct and withhold a tax upon such wages . . . with respect to any employee."  A monthly return must be filed, and the withheld taxes are required to be paid, by the 20th of each month following the month in which the taxes were withheld.[7]  If the tax shown on a return is not paid by the due date, a penalty

---

[7]  See D.C. Code § 47-1812.07(a)(1) ("Time of payment. -- Except as provided in paragraph (2) of this subsection, the total amount of tax due as shown on the taxpayer's return is due and payable in full at the time prescribed in this subchapter for the filing of such return."); D.C. Code § 47-1812.07(a)(4) ("Employers. -- Every employer required to deduct and withhold tax under this chapter shall make a return of, and pay to the District, the tax required to be withheld under this chapter for such periods and at such times as the Mayor may prescribe."); 9 DCMR § 132.3 ("Monthly returns shall be filed on or before the 20th day of the month following the close of each monthly reporting period."); 9 DCMR § 133.2 ("With each return filed, every employer shall remit . . . not less than the full amount of the tax which that employer was required to withhold during the filing period covered by the return.").

is assessed.[8]  The tax payments were presumably mailed by Hadley

to the District, but the District has failed to cite any

regulation showing that a return mailed on or before the due

date, and the accompanying payment, are deemed timely.  As

discussed later, the withheld taxes gave rise to both a lien in

favor of the District as well as a trust in the amount of the

withheld taxes in favor of the District.

### III

Although the record establishes that the District is

entitled to summary judgment regarding the preference claims, it

does so on a basis different from the three grounds raised by the

District, each of which the court rejects.

### A.

The court rejects the defendant's argument that Alberts

cannot prove his case under § 547(b) because the payments were

for taxes entitled to priority under 11 U.S.C. § 507(a) and

therefore did not result in recovery by the defendant of more

than what would have been received in chapter 7 as required by §

---

[8]  See D.C. Code § 47-4213(a)(2) ("In the case of a failure
to pay the amount shown as tax on a return specified in paragraph
(1) of this subsection on or before the date prescribed for
payment of the tax (determined with regard to any extension of
time for payment), unless it is shown that the failure is due to
reasonable cause and not due to willful neglect, there shall be
added to the amount shown as tax on the return 5% of the amount
of the tax if the failure is for not more than one month, with an
additional 5% for each additional month or fraction thereof
during which the failure continues, not exceeding 25% in the
aggregate.").

547(b)(5).  Alberts responds that the debtor's assets were fully
encumbered by security interests in favor of its lender, and thus
priority claims might not have been fully paid in a chapter 7
case.  However, the District's unpaid withholding tax claim would
have been a lien from the date of withholding under D.C. Code §
47-1812.08(f)(2), and taken priority over liens on property
coming into existence after the District's lien arose upon the
withholding of the taxes.  See District of Columbia v. Hechinger
Properties Co., 197 A.2d 157 (D.C. 1964); Malakoff v. Washington,
434 A.2d 432 (D.C. 1984).  Nevertheless, the District has failed
to include in its statement of the material facts upon which it
relies any facts regarding Hadley's assets and what would have
been available in a chapter 7 case after paying prior security
interests and administrative claims that would trump the
District's lien under 11 U.S.C. § 726(b).  Although Alberts bears
the burden on those issues at trial, the District is obligated
for summary judgment purposes to lay out the facts which it
contends exist to entitle it to summary judgment.

B.

The District asserts that the tax payments were not on
account of an antecedent debt.  The District contends that the
taxes were all paid on or before the due date for each payment.
Alberts has not addressed that contention, and argues instead
that each of the payments was on account of an antecedent debt

10

because it related to withholding taxes incurred for a prior month. If each withholding tax payment was made on or prior to the due date, the payment was not on "account of an antecedent debt" because 11 U.S.C. § 547(a)(4) provides that "a debt for tax is incurred on the day when such tax is last payable without penalty, including any extension." Here no penalty would have been incurred if a payment was timely made on or before the 20th of the month following the month for which the return was filed.[9] Each of the checks at issue bears an issuance date that is on or before the due date for payment, and it is likely the payments were mailed on the date of issuance.

If timely mailing constitutes timely payment, and if the District established that Alberts has been unable to adduce proof to show that the payments were not timely mailed, that would suffice to grant the District summary judgment. Under <u>Celotex Corp. v. Catrett</u>, 477 U.S. 242 (1986), a moving party may obtain summary judgment by demonstrating the absence of any evidence to support an essential element of the opponent's case upon which the opponent bears the burden of proof at trial.

---

[9] <u>See</u> <u>Wendy's Food Systems, Inc. v. State of Ohio c/o Department of Taxation (In re Wendy's Food Systems, Inc.)</u>, 133 B.R. 917, 922 (Bankr. S.D. Ohio 1991). In <u>Wendy's Food Systems</u>, the debtor paid $450,000.00 in taxes during the preference period. <u>Id.</u> at 919. The parties stipulated that a portion of the money was "paid on account of current sales tax obligations." <u>Id.</u> at 922 (citation omitted). The court held that this amount was not a payment for an antecedent debt under § 547(b). <u>Id.</u>

However, the District has not shown that the payments were all mailed on or before the due date for the return and the accompanying payment, and it has not shown that Alberts has been unable to adduce evidence to show that they were not timely mailed.  Furthermore, the District has not cited to any statute or regulation which (like 26 U.S.C. § 7502(a) in the case of federal taxes) makes timely mailing timely payment.[10]

C.

The District argues that because the payments were timely they fall within the exception to § 547(b) contained in § 547(c)(2) for payments made in the ordinary course of business.  However, if the payments were timely, a necessary element of § 547(b) does not exist because there was no antecedent debt, and § 547(c)(2), as an exception to § 547(b), simply is inapplicable because there is no resort to § 547(c)'s exceptions when a

---

[10]   In Wagshal v. District of Columbia, 430 A.2d 524 (D.C. 1981), the District, "without conceding," assumed that the date of a taxpayer's mailing a real estate tax payment and not the date of the District's receipt constituted the date of payment.

12

necessary element of § 547(b) does not exist.[11]  The District has

not argued in its motion that the payments would qualify for the

§ 547(c)(2) exception if the payments were untimely.

Accordingly, summary judgment cannot be granted on the basis of §

547(c)(2).

                                    IV

    The District is nevertheless is entitled to summary judgment

regarding the preference claim on the grounds that the plaintiff

cannot prove that the transfers were of property in which the

---

    [11]  In erroneously contending that § 547(c)(2) is the
provision that makes a timely tax payment not avoidable as a
preference, the District relies on language from a legislative
report which is inapplicable to § 547 as finally enacted.  Issued
on September 8, 1977--regarding H.R. 8200, 95th Cong., 1st Sess.
(1977), an earlier version of the proposed statute which did not
include § 547(a)(4)--the legislative report upon which the
District relies stated in relevant part that the exception of §
547(c)(2) "protects ordinary course of business . . . transfers .
. . . In the tax context, this exception will mean that a payment
of taxes when they are due, either originally or under an
extension . . . will not constitute a voidable preference."  H.R.
Rep. No. 595, 95th Cong., 2nd Sess. at 373 (1977), reprinted in
1978 Code Cong. & Admin. News 5787, 6328-29.  It was only after a
later meeting of the Senate and House floor managers to reach
compromises on the differences between the two bills that §
547(a)(4) was added to the Bankruptcy Code as finally enacted.
Accordingly, the House Report's treatment of § 547(c)(2) as the
provision making timely tax payments non-avoidable as preferences
was rendered of no relevance to the Bankruptcy Code as finally
enacted.

debtor had an interest.[12]  The debtor did not have an interest in
the property transferred because the payments served to mark the
funds transmitted as the amounts Hadley had held in trust as
withheld taxes.

The court relies on the Supreme Court's holding in <u>Begier v.
Internal Revenue Service</u>, 496 U.S. 53 (1990).  In <u>Begier</u>, the
Court held that federal withholding taxes paid prepetition from
the employer's general accounts were funds in trust for the
Internal Revenue Service, and therefore were not property of the
debtor.  The Court engaged in an analysis of whether a trust was
created under the federal withholding statute, 28 U.S.C. § 7501,
if the funds had not been placed in a segregated fund or sent to
the IRS with the relevant return.  Section 7501 states: "Whenever
any person is required to collect or withhold any internal
revenue tax from any other person and to pay over such tax to the
United States, the *amount* of tax so collected or withheld shall

---

[12]  Section 547 states in pertinent part:

> (b) Except as provided in subsection (c) of
> this section, the trustee may avoid any
> transfer **of an interest of the debtor in
> property** –
>                    . . .
> (2) for or on account of an
> antecedent debt owed by      the
> debtor before such transfer was
> made . . . .

[Emphasis added.]

14

be held to be a special fund in trust for the United States."  28
U.S.C. § 7501 (emphasis added).  The Court concluded that the
<u>particular dollars</u> used to pay the IRS did not have to come from
a separate account established prior to payment in order for the
funds paid to be trust funds.  The Court stated that § 7501
"creates a trust in an abstract 'amount'--a dollar *figure* not
tied to any particular assets--rather than in the actual dollars
withheld."  <u>Id.</u> at 62 (italics in original).  Therefore, any
money, even from the general account, could be used to pay the
trust amount.  The Court only required that there be a "nexus
between the 'amount' held in trust and the funds paid."  <u>Id.</u> at
65-66.  To establish this nexus, courts are directed to use
"reasonable assumptions" to trace the funds, and one such
reasonable assumption is that "any voluntary prepetition payment
of trust-fund taxes out of the debtor's assets is not a transfer
of the debtor's property."  <u>Id.</u> at 66.  The Court thus adopted a
literal reading of a passage from the House Report under which
"[t]he debtor's act of voluntarily paying its trust-fund tax
obligation . . . is alone sufficient to establish the required
nexus between the 'amount' held in trust and the funds paid."
<u>Id.</u>

The District of Columbia Code explicitly states that
withholding taxes are held in trust by the employer for the

District.  D.C. Code § 47-1812.08(f)(1).[13]  The language in the
District's withholding statute is sufficiently similar to the
federal statute to make the analysis of <u>Begier</u> applicable in this
case.  <u>See</u> <u>Drabkin v. District of Columbia</u>, 824 F.2d 1102, 1105
(D.C. Cir. 1987) (stating that 26 U.S.C. § 7501(a) "essentially
mirrors" the District's withholding statute); <u>Taylor v. Adams (In
re Nash Concrete Form Co., Inc.)</u>, 159 B.R. 611, 614-15 (D. Mass.
1993) (discussing the congruence between the federal and
Massachusetts withholding statutes).  Under <u>Begier</u>, therefore,
Hadley's voluntary payments of its withholding tax obligations
sufficed to establish that the payments were of amounts held in
trust and thus as not constituting a transfer of "property of the
debtor," and therefore not constituting avoidable preferences.

The court acknowledges that it has engaged in a legal
analysis using a case, namely <u>Begier</u>, upon which the District did
not rely in seeking summary judgment.  Therefore, the court will
give Alberts time to respond regarding the propriety of granting
summary judgment under <u>Begier</u>.

---

[13]  § 47-1812.08(f)(1) provides:

Any sum or sums withheld in accordance with the
provisions of this section shall be deemed to be, and
shall be, held in trust by the employer for the
District of Columbia.

<u>See also</u> 9 DCMR § 133.1 ("All sums which the employer has
withheld from employees shall be deemed to be held in trust by
the employer for the District.")

16

17

V

Alberts has opposed the motion under Rule 56(f), but the
Rule 56(f) affidavit filed does not show that Alberts needs to
take discovery in order to address whether the payments were of
withheld payroll taxes.  None of the interrogatories Alberts
served are directed to whether the funds used to make payments
were property of the debtor.  As to Albert's request for
production of documents evidencing any denial of the allegation
that funds that were property of the debtor were transferred,
there is no need for the District to produce additional documents
when the papers that Alberts himself produced show that the
payments were of withheld payroll taxes.  Production of
additional evidence showing that the payments were of payroll
taxes would be overkill.  Alberts' discovery requests are thus
not essential to his opposing the District's motion.

VI

Alberts further contends that no affidavits support the
District's motion.  However, as the Court observed in Celotex,
477 U.S. at 324, in rejecting a similar argument, "a motion for
summary judgment may be made pursuant to Rule 56 'with or without
supporting affidavits.'"  In moving for summary judgment, a party
may rely upon admissions of record, and Alberts has admitted the
facts essential to granting the District summary judgment on the
basis of the trust fund nature of the taxes.

VII

When summary judgment cannot be granted as to all claims

based on the existing papers, F.R. Civ. P. 56(d) authorizes the

court, by interrogating the parties' counsel to "ascertain what

material facts exist without substantial controversy and what

material facts are actually and in good faith controverted."

Other than the preference claim, Alberts has asserted two claims,

and it is appropriate to address them under the Rule 56(d)

procedure.[14]

First, the complaint alleges that "[t]o the extent that [any

of the payments] cleared the bank on or after the Petition Date,

such transfer constitues a "Postpetition Clearance Payment" that

is avoidable pursuant to section 549 of the Bankruptcy Code."

Alberts, as the plaintiff, has the burden of showing when

payments cleared.  He should be able readily to ascertain the

date on which each check cleared the bank without the necessity

of discovery.[15]  The court will thus require him to report

_____

    [14]  Moreover, the court has the inherent power to grant
summary judgment *sua sponte* when it has put a party on notice to
come forward, after adequate time for any *necessary* discovery,
with evidence supporting an element of its case upon which it
bears the burden of proof (<u>Celotex</u>, 477 U.S. at 326), and the
approach the court is following is consistent with on of the
principal purposes of the summary judgment rule: "to isolate and
dispose of factually unsupported claims or defenses" (<u>Celotex</u>,
477 U.S. at 323-24).

    [15]  In another adversary proceeding in these jointly
administered cases, Alberts was able promptly to obtain from the
reorganized debtor the date on which a check had cleared.

whether any payment cleared the bank on or after the petition

date.  If a payment cleared the bank prior to the petition date,

summary judgment is obviously appropriate in favor of the

District as to the § 549 claim regarding the payment.

    If a payment did not clear the bank prior to the petition

date, Alberts should address why Begier does not require treating

the payment as coming from non-estate property.  See Suwannee

Swifty Stores, Inc. v. Georgia Lottery Corp. (In re Suwannee

Swifty Stores, Inc.), 266 B.R. 544(Bankr. M.D. Ga. 2001), aff'd,

67 Fed.Appx. 583 (Table), 2003 WL 21067111 (11th Cir. 2003),

cert. denied, 541 U.S. 902 (2004).  But see In re Sunrise Paving,

Inc., 204 B.R. 691 (D. Md. 1996).  In this regard, he should

address when the payment was mailed as that may be relevant to

the propriety of applying Begier to the payment.

    Second, Alberts has alleged that "[t]o the extent that any

[of the payments at issue] was made by one or more of the Debtors

who was not obligated on the indebtedness paid, such Debtor(s)

did not receive reasonably equivalent value in exchange for such

[payment]" and the transfer is avoidable as a fraudulent

conveyance under 11 U.S.C. §§ 544 and 548.  Alberts has not

contended that in fact any payment was made by a debtor other

than Hadley.  Indeed, the payments were made, according to the

checks themselves, from the "Hadley Memorial Hospital Payroll

Taxes & Benefits Account."  Alberts should investigate the

20

payment source and report whether he in good faith controverts the fact that Hadley was the debtor that made the subject payment.  Nothing in the record suggests he needs discovery to undertake such an investigation.  Obviously the District is not the party in a position to furnish information in that regard.

While the rules may allow pleading in the alternative, at some point Alberts has to show his hand.  It is time for him to indicate as to each payment whether instead of a preference claim, it is a § 549 or fraudulent conveyance claim that he is really pursuing, and if it is a § 549 or fraudulent conveyance claim, the factual basis upon which he premises the claim.

VIII

An order follows.

[Signed and Dated Above]

Copies to:

All Attorneys of Record